IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| PROMOTE INNOVATION LLC, | Case No. 2:10-cv-99 |
| Plaintiff, | |
| v. | FIRST AMENDED COMPLAINT FOR FALSE PATENT MARKING |
| Sanofi-Aventis U.S. LLC | |
| Defendant. | <u>JURY TRIAL DEMANDED</u> |

Plaintiff PROMOTE INNOVATION LLC alleges as follows:[1]

## NATURE OF THE CASE

1.      This is an action for false patent marking under section 292 of the Patent Act (35 U.S.C § 292).

## PARTIES

2.      Plaintiff PROMOTE INNOVATION LLC is a Texas limited liability company with a principal place of business in Houston, Texas.

3.      Defendant SANOFI-AVENTIS U.S. LLC is a Delaware limited liability company with a principal place of business in New Jersey.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

5.      The Court has personal jurisdiction over defendant. Defendant conducts business within the state of Texas. Defendant offers for sale, sells, marks, and/or advertises the products that are the subject of this complaint in the United States, the state of Texas, and the Eastern District of Texas.

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), and 1395(a).

---

[1] Although Defendant sanofi-aventis U.S. LLC ("Defendant") disputes the allegations in this First Amended Complaint, pursuant to Fed. R. Civ. P. 15(a)(2) Defendant consents to Plaintiff's filing of this First Amended Complaint more than 21 days after Plaintiff served its original complaint.

## FACTS

### DDAVP Products

7.  Defendant has marked and continues to mark one or more of its DDAVP products with U.S. Patent No. 5,047,398.

8.  U.S. Patent No. 5,047,398 was declared unenforceable for fraud on the Patent Office by the United States District Court for the Southern District of New York in February 2005. *See Ferring B.V. v. Barr Labs, Inc.*, No. 7:02-CV-9851, 2005 WL 437981 (S.D.N.Y., Feb. 7, 2005), *aff'd*, 437 F.3d 1181 (Fed. Cir. 2006), *cert. denied*, 127 S. Ct. 515 (2006).

9.  Defendant has modified the package inserts for its DDAVP products after U.S. Patent No. 5,047,398 was declared unenforceable for fraud on the Patent Office but has nevertheless continued to falsely mark its DDAVP products.

10. Defendant has decades of experience applying for patents, obtaining patents, licensing patents, and/or litigating in patent infringement lawsuits. Defendant knows that a patent that has been declared unenforceable for fraud on the Patent Office does not cover any product.

### Actonel Products

11. Defendant has marked and continues to mark one or more of its Actonel products with U.S. Patent No. 6,225,294.

12. U.S. Patent No. 6,225,294 lapsed for non-payment of maintenance fees on or about May 1, 2009.

13. Defendant has continued to falsely mark one or more of its Actonel products with U.S. Patent No. 6,225,294 after that patent had lapsed for non-payment of maintenance fees.

14. Defendant has decades of experience applying for patents, obtaining patents, licensing patents, and/or litigating in patent infringement lawsuits. Defendant knows that a patent that has lapsed for nonpayment of maintenance fees does not cover any product.

### Trental Products

15. Defendant has marked and continues to mark continues to mark one or more of its Trental products with U.S. Patent Nos. 3,737,433 and 4,189,469.

16. U.S. Patent No. 3,737,433 expired on or about April 3, 1997.

17. U.S. Patent No. 4,189,469 expired on or about February 19, 1997.

18. Defendant has continued to falsely mark one or more of its Trental products with U.S. Patent Nos. 3,737,433 and 4,189,469 after the expiration of those patents.

19.     Defendant has decades of experience applying for patents, obtaining patents, licensing patents, and/or litigating in patent infringement lawsuits.  Defendant knows that a patent that has expired does not cover any product.

### M-Professional Revitalizing Peel Products

20.     Defendant has marked and continues to mark one or more of its M-Professional Revitalizing Peel products with U.S. Patent Nos. 5,091,171; 5,571,841; and 5,674,899.

21.     U.S. Patent No. 5,091,171 expired on or about February 25, 2009.

22.     U.S. Patent No. 5,571,841 expired on or about February 25, 2009.

23.     U.S. Patent No. 5,674,899 expired on or about February 25, 2009.

24.     Defendant has continued to falsely mark one or more of its M-Professional Revitalizing Peel products with U.S. Patent Nos. 5,091,171; 5,571,841; and 5,674,899 after the expiration of those patents.

25.     Defendant has decades of experience applying for patents, obtaining patents, licensing patents, and/or litigating in patent infringement lawsuits.  Defendant knows that a patent that has expired does not cover any product.

### Dermatop Products

26.     Defendant has marked and continues to mark one or more of its Dermatop products with U.S. Patent No. 4,242,334.

27.     U.S. Patent No. 4,242,334 expired on or about August 2, 2000.

28.     Defendant has continued to falsely mark one or more of its Dermatop products with U.S. Patent No. 4,242,334 after the expiration of that patent.

29.     Defendant has decades of experience applying for patents, obtaining patents, licensing patents, and/or litigating in patent infringement lawsuits.  Defendant knows that a patent that has expired does not cover any product.

### Benzaclin Topical Gel Products

30.     Defendant has marked and continues to mark one or more of its Benzaclin Topical Gel products with U.S. Patent No. 6,013,637.

31.     U.S. Patent No. 6,013,637 lapsed for non-payment of maintenance fees on or about February 11, 2008.

32.     Defendant has continued to falsely mark one or more of its Benzaclin Topical Gel products with U.S. Patent No. 6,013,637 after that patent had lapsed for non-payment of maintenance fees.

33.     Defendant has decades of experience applying for patents, obtaining patents, licensing patents, and/or litigating in patent infringement lawsuits.  Defendant knows that a patent that has expired does not cover any product.

### Benzamycin Topical Gel Products

34.     Defendant has marked and continues to mark one or more of its Benzamycin Topical Gel products with U.S. Patent Nos. 4,387,107 and 4,497,791.

35.     U.S. Patent No. 4,387,107 expired on or about July 7, 2000.

36.     U.S. Patent No. 4,497,791 expired on or about February 10, 2003.

37.     Defendant has continued to falsely mark one or more of its Benzamycin Topical Gel products with U.S. Patent Nos. 4,387,107 and 4,497,791 after the expiration of those patents.

38.     Defendant has decades of experience applying for patents, obtaining patents, licensing patents, and/or litigating in patent infringement lawsuits.  Defendant knows that a patent that has expired does not cover any product.

### Claforan Products

39.     Defendant has marked and continues to mark one or more of its Claforan products with U.S. Patent Nos. 4,298,606; 5,159,070; 4,376,203; 4,614,267; 4,614,515; 4,757,911; 4,703,864; 4,784,658; 4,784,259; 4,948,000 and 4,936,445.

40.     U.S. Patent No. 4,298,606 expired on or about November 3, 1998.

41.     U.S. Patent No. 5,159,070 expired on or about October 27, 2009.

42.     U.S. Patent No. 4,376,203 expired on or about March 8, 2000.

43.     U.S. Patent No. 4,614,267 expired on or about September 30, 2003.

44.     U.S. Patent No. 4,614,515 expired on or about March 19, 2004.

45.     U.S. Patent No. 4,757,911 expired on or about December 9, 2005.

46.     U.S. Patent No. 4,703,864 expired on or about May 1, 2006.

47.     U.S. Patent No. 4,784,658 expired on or about January 30, 2007.

48.     U.S. Patent No. 4,784,259 expired on or about January 30, 2007.

49.     U.S. Patent No. 4,948,000 expired on or about November 20, 2007.

50.     U.S. Patent No. 4,936,445 expired on or about December 28, 2007.

51. Defendant has continued to falsely mark one or more of its Claforan products with U.S. Patent Nos. 4,298,606; 5,159,070; 4,376,203; 4,614,267; 4,614,515; 4,757,911; 4,703,864; 4,784,658; 4,784,259; 4,948,000 and 4,936,445 after the expiration of those patents.

52. Defendant has decades of experience applying for patents, obtaining patents, licensing patents, and/or litigating in patent infringement lawsuits.  Defendant knows that a patent that has expired does not cover any product.

## Primacor Products

53. Defendant has marked and continues to mark one or more of its Primacor products with U.S. Patent Nos. 5,158,554; 5,171,234; and 5,188,620.

54. U.S. Patent No. 5,158,554 expired on or about October 27, 2009.

55. U.S. Patent No. 5,171,234 expired on or about December 15, 2009.

56. U.S. Patent No. 5,188,620 expired on or about February 23, 2010.

57. Defendant has continued to falsely mark one or more of its Primacor products with U.S. Patent Nos. 5,158,554; 5,171,234; and 5,188,620 after the expiration of those patents.

58. Defendant has decades of experience applying for patents, obtaining patents, licensing patents, and/or litigating in patent infringement lawsuits.  Defendant knows that a patent that has expired does not cover any product.

## COUNT I

59. For the reasons stated in paragraphs 7 to 10 above, defendant has violated section 292 of the Patent Act by falsely marking one or more of its DDAVP products with an intent to deceive the public.

## COUNT II

60. For the reasons stated in paragraphs 11 to 14 above, defendant has violated section 292 of the Patent Act by falsely marking one or more of its Actonel products with an intent to deceive the public.

## COUNT III

61. For the reasons stated in paragraphs 15 to 19 above, defendant has violated section 292 of the Patent Act by falsely marking one or more of its Trental products with an intent to deceive the public.

## COUNT IV

62. For the reasons stated in paragraphs 20 to 25 above, defendant has violated section 292 of the Patent Act by falsely marking one or more of its M-Professional Revitalizing Peel  products with an intent to deceive the public.

## COUNT V

63. For the reasons stated in paragraphs 26 to 29 above, defendant has violated section 292 of the Patent Act by falsely marking one or more of its Dermatop products with an intent to deceive the public.

## COUNT VI

64. For the reasons stated in paragraphs 30 to 33 above, defendant has violated section 292 of the Patent Act by falsely marking one or more of its Benzaclin Topical Gel products with an intent to deceive the public.

## COUNT VII

65. For the reasons stated in paragraphs 34 to 38 above, defendant has violated section 292 of the Patent Act by falsely marking one or more of its Benzamycin Topical Gel products with an intent to deceive the public.

## COUNT VIII

66. For the reasons stated in paragraphs 39 to 52 above, defendant has violated section 292 of the Patent Act by falsely marking one or more of its Claforan products with an intent to deceive the public.

## COUNT IX

67. For the reasons stated in paragraphs 53 to 58 above, defendant has violated section 292 of the Patent Act by falsely marking one or more of its Primacor products with an intent to deceive the public.

## PRAYER FOR RELIEF

Plaintiff thus request that the Court, pursuant to 35 U.S.C. § 292 to do the following:

A. Enter judgment against defendant and in favor of plaintiff for the violations alleged in this complaint;

B. Order defendant to pay $500 per false marking offense, or an alternative amount a determined by the Court, one-half of which shall be paid to the United States;

C. Grant plaintiff such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated:  June 23, 2010                                        Respectfully submitted,


        /s/ Zachariah S. Harrington
Zachariah S. Harrington
2802 Jarrard Street
Houston, TX  77005

(713) 370-7133
zsharrington@yahoo.com
Texas Bar No. 24057886

Attorneys for
PROMOTE INNOVATION LLC


**CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 23d day of June, 2010.


        /s/ Zachariah S. Harrington

Zachariah S. Harrington